**Johnny Joseph HARTNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00244–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 16, 1992.

W.J. Jackson, Brazoria, for appellant.

Jim Mapel, Dist. Atty., Kelly McClendon, Asst., Angleton, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

OPINION

O'CONNOR, Justice.

We are asked to determine whether the evidence was sufficient to establish that the appellant, Johnny Joseph Hartney, was guilty beyond a reasonable doubt of the offense of telephone harassment. We find that it was not and reverse.

On January 16, 1991, a jury found the appellant guilty of telephone harassment and assessed punishment at 20–days confinement and a $500.00 fine.

**1. Fact summary**

Debra Hunt, the complainant, testified as follows: She met the appellant in May of 1989 and began having sexual relations with the appellant soon after that. Hunt, who was married to a man living in California, filed for divorce in July of 1989, and moved into the appellant's house in September of 1989. Hunt moved out of appellant's house in December of that year. The appellant was named as a party in the divorce. During the time Hunt lived with

the appellant, they purchased a tractor and a boat together. The appellant started calling Hunt on June 4, 1990, and continued for about two months. Hunt testified she told the appellant not to contact her. Hunt said she recognized the appellant's voice from other telephone conversations. All of the appellant's calls were answered and recorded by Hunt's telephone-answering machine. Hunt filed a complaint concerning 15 of the calls. Hunt testified that she found the calls embarrassing, annoying, and upsetting. Most of the calls involved the boat, the tractor, two horses they had, or her divorce. Sometime in June of 1990, the appellant filed a civil suit against Hunt and, after a hearing in July or August, the court granted an injunction prohibiting either from calling the other. The appellant did not make any calls after the injunction. Hunt filed her complaint against the appellant on August 20, 1990, for telephone harassment on June 20, 1990.

The State introduced a cassette of the telephone calls, which was a composite tape Hunt had made from other tapes. The State admitted in its opening statement that the appellant did not make any threats of bodily harm and that the appellant identified himself on most of the calls.

The appellant testified as follows: He became romantically involved with Hunt and they lived together from September of 1989, until she was ordered by the divorce court to move out in December of 1989; they continued to date after she moved out. The problems between appellant and Hunt started in 1990, around April, when he spent a couple of months in California. The appellant said he made the calls to Hunt to try to resolve their disputes over joint property and to get her to stop calling his parents. He testified he did not call Hunt to annoy or harass her.

Section 42.07 of the Texas Penal Code, defining harassment provides:

(a) A person commits an offense if, with the intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

. . . . .

(2) threatens, by telephone or in writing, in a manner reasonably likely to alarm the person receiving the threat, to inflict serious bodily injury on the person or to commit a felony against the person, a member of his family, or his property;

. . . . .

(4) [or] causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX.PENAL CODE ANN. § 42.07(a)(2) and (4) (Vernon Supp.1992); *see Bader v. State,* 773 S.W.2d 769, 770 (Tex.App.—Corpus Christi 1989, pet. ref'd).

**2. Standard of review**

When we review the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989); *Rogers v. State,* 795 S.W.2d 300, 303 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). We look at all the evidence introduced at trial to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. *Butler,* 769 S.W.2d at 239. If the evidence leaves any reasonable doubt about the guilt of the accused, we cannot sustain a conviction. *Jackson,* 443 U.S. at 317–18, 99 S.Ct. at 2788–89. Proof that amounts only to a strong suspicion or mere probability is not sufficient to support a conviction. *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim. App.1982).

**3. No threats**

In point of error one, the appellant argues there is no evidence to establish that he made telephone calls threatening Hunt with serious bodily harm. We agree.

In her testimony, Hunt did not contend that the appellant made threats of physical

violence over the telephone. We listened to the entire tape of the recorded telephone messages that was introduced into evidence. The appellant did not make any threats physical violence on the tape. In fact, the prosecutor stated in her opening statement that "I don't think you'll hear threats of bodily harm on this tape."

We sustain point of error one.

### 4. No anonymity

In point of error two, the appellant argues there is no evidence to establish that the telephone calls were made anonymously. Again, we agree.

In many of the recorded telephone calls, the appellant identified himself by name. In fact, the prosecutor admitted in her opening statement that the appellant identified himself on several of the messages on the tape. In addition, Hunt testified she recognized the appellant's voice over the telephone from previous telephone conversations. Hunt did not contend that the appellant attempted to modify his voice to hide his identity.

We sustain the appellant's points of error one and two, reverse the judgment below, and remand the cause to the trial court for entry of an acquittal. We do not find it necessary to reach point of error three. TEX.R.APP.P. 90(a).