TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00255-CR







The State of Texas, Appellant



v.



Shirley Draper, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-0463, HONORABLE JACK ROBISON, JUDGE PRESIDING







 The State of Texas, appellant, appeals from an order quashing a six-count indictment
charging Shirley Draper, appellee, with injury to a child and endangering a child. See Tex. Penal Code
Ann. §§ 22.04, 22.041 (West 1994 & Supp. 1997). The State contends the trial court erred in quashing
the indictment because the allegations in the indictment are not ambiguous and give adequate notice for
appellee to prepare her defense. We will affirm the trial court's order.


FACTUAL AND PROCEDURAL BACKGROUND 


 In November 1995, a grand jury in Hays County charged appellee, in a six-count
indictment, with the offenses of injury to a child and endangering a child. See id. Count I of the indictment
specifically alleged:



COUNT I


SHIRLEY DRAPER on or about the 25th day of September, A.D., 1994, did then and
there intentionally and knowingly by omission cause serious bodily injury to MARISSA
LYNN COOKE, a child 14 years of age or younger, by failing to provide protection for
the said MARISSA LYNN COOKE, to-wit: by failing to remove MARISSA LYNN
COOKE from a vehicle to be driven by GREG COOKE when she knew that GREG
COOKE was a threat to the health and safety of the said MARISSA LYNN COOKE,
by virtue of the said GREG COOKE's prior consumption of an alcoholic beverage, and
SHIRLEY DRAPER was then and there the parent of the said MARISSA LYNN
COOKE, namely her mother, and had a legal and statutory duty of protection of the said
MARISSA LYNN COOKE pursuant to the Texas Family Code; . . . .


Count II is identical to Count I, except that in Count II the name of the child, Marissa Lynn Cooke, is
replaced by the name of appellee's other child, Shauna Renee Cooke. Counts III and IV are identical to
Counts I and II, respectively, except that in Counts III and IV the phrase "intentionally and knowingly" is
replaced by the word "recklessly." Likewise, Counts V and VI are identical to Counts I and II,
respectively, except that in Counts V and VI the phrase, "intentionally and knowingly by omission cause
serious bodily injury to [child's name], a child 14 years of age or younger," is replaced by the phrase, 


intentionally, knowingly, recklessly, and with criminal negligence, engage in conduct, by
omission, that placed [child's name], a child younger than 15 years of age, in imminent
danger of death, bodily injury, and physical and mental impairment.


 Appellee filed a timely motion to quash, which alleged various reasons the indictment was
insufficient, including that the phrase "prior consumption of an alcoholic beverage" was vague and provided
insufficient notice. The trial court signed a general order setting aside and dismissing the indictment. 
Accordingly, if any one of the grounds stated in appellee's motion is supportable, we must affirm the trial
court's order. The State appeals by thirty-six points of error, raising six identical points of error for each
of the six counts in the indictment.


DISCUSSION

 In points of error five, eleven, seventeen, twenty-three, twenty-nine, and thirty-five, (1) the
State contends the phrase "prior consumption of an alcoholic beverage" in the indictment provides appellee
adequate notice of the charged offense. A decision to quash an indictment for lack of certainty in the
indictment's allegations is within the sound discretion of the trial court. Thomas v. State, 621 S.W.2d 158,
163 (Tex. Crim. App. 1981); see also County v. State, 812 S.W.2d 303, 312 (Tex. Crim. App. 1989). 
A trial court abuses its discretion only when its ruling is outside the "zone of reasonable disagreement." 
Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1990) (op. on reh'g).

 Article I, section 10 of the Texas Constitution "guarantees an accused the right to be
informed of the nature and cause of the accusation against him in a criminal prosecution." Ward v. State,
829 S.W.2d 787, 794 (Tex. Crim. App. 1992); see also Tex. Code Crim. Proc. Ann. arts. 21.02(7) &
21.11 (West 1989). This information must come from the face of the indictment. Ward, 829 S.W.2d at
794; see, e.g., Benoit v. State, 561 S.W.2d 810, 813 (Tex. Crim. App. 1977). The accused is not
required to look elsewhere. Baker v. State, 58 S.W.2d 534, 534-35 (Tex. Crim. App. 1933). Writing
about the notice requirement, then Presiding Judge Onion stated for the court of criminal appeals: "It is,
of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry
must be whether the charge in writing furnished that information in plain and intelligible language." Benoit,
561 S.W.2d at 813; see also Moore v. State, 473 S.W.2d 523, 523-24 (Tex. Crim. App. 1971).

 This fundamental guarantee enables the accused to learn the charge in advance of trial, with
such certainty that a presumptively innocent person will know what she will be called upon to defend
against. See Wilson v. State, 520 S.W.2d 377, 379 (Tex. Crim. App. 1975); Cook v. State, 824
S.W.2d 334, 336-37 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). "[T]he accused is not required
to anticipate any and all variant facts the State might hypothetically seek to establish." Brasfield v. State,
600 S.W.2d 288, 295 (Tex. Crim. App. 1980), overruled on other grounds by Janecka v. State, 739
S.W.2d 813, 819 (Tex. Crim. App. 1987); Drumm v. State, 560 S.W.2d 944, 947 (Tex. Crim. App.
1977).

 The present indictment alleged, in all six counts, that appellee "knew that GREG COOKE
was a threat to the health and safety of the said [CHILD], by virtue of the said GREG COOKE's prior
consumption of an alcoholic beverage . . . ." (Emphasis added.) Thus, precisely what appellee is
supposed to have known at the time she allegedly "fail[ed] to remove" the two girls from Greg Cooke's
car could be crucial to the preparation of her defense. We believe the trial court could reasonably have
concluded that it was unclear whether the State was attempting to convict appellee for her knowledge of
Greg Cooke's consumption of alcohol immediately prior to his driving Marissa and Shauna in his car or
simply for appellee's general knowledge of Greg Cooke's consumption of alcoholic beverages before the
day of the offense. Moreover, even if "prior consumption" was intended to mean immediately prior, the
trial court could reasonably have concluded that it was unclear whether the phrase "an alcoholic beverage"
referred to one drink, one type of alcoholic beverage, or an indefinite number of drinks of any type of
alcoholic beverage. Thus, under this indictment, it would not have been unreasonable for the trial court to
conclude that the phrase "prior consumption of an alcoholic beverage" was vague and uncertain and
deprived appellee of adequate notice of the accusations against her.

 We conclude the trial court's ruling was within the zone of reasonable disagreement--and
thus within its discretion--in determining that the lack of specificity as to Greg Cooke's prior consumption
of an alcoholic beverage gave appellee insufficient notice of the accusations against her such that she could
not adequately prepare her defense. See Janecka v. State, 823 S.W.2d 232, 232-38 (Tex. Crim. App.
1990). We overrule points of error five, eleven, seventeen, twenty-three, twenty-nine, and thirty-five. 
Having overruled these points of error, we need not address the State's remaining points.


CONCLUSION


 The trial court did not abuse its discretion in quashing the indictment. Accordingly, we
affirm the trial court's order.




 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie, and Jones

Affirmed

Filed: March 6, 1997

Publish
1. [1]  Point of error five relates to Count I, point of error eleven to Count II, point of error seventeen to
Count III, point of error twenty-three to Count IV, point of error twenty-nine to Count V, and point of
error thirty-five to Count VI.



easonable disagreement." 
Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1990) (op. on reh'g).

 Article I, section 10 of the Texas Constitution "guarantees an accused the right to be
informed of the nature and cause of the accusation against him in a criminal prosecution." Ward v. State,
829 S.W.2d 787, 794 (Tex. Crim. App. 1992); see also Tex. Code Crim. Proc. Ann. arts. 21.02(7) &
21.11 (West 1989). This information must come from the face of the indictment. Ward, 829 S.W.2d at
794; see, e.g., Benoit v. State, 561 S.W.2d 810, 813 (Tex. Crim. App. 1977). The accused is not
required to look elsewhere. Baker v. State, 58 S.W.2d 534, 534-35 (Tex. Crim. App. 1933). Writing
about the notice requirement, then Presiding Judge Onion stated for the court of criminal appeals: "It is,
of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry
must be whether the charge in writing furnished that information in plain and intelligible language." Benoit,
561 S.W.2d at 813; see also Moore v. State, 473 S.W.2d 523, 523-24 (Tex. Crim. App. 1971).

 This fundamental guarantee enables the accused to learn the charge in advance of trial, with
such certainty that a presumptively innocent person will know what she will be called upon to defend
against. See Wilson v. State, 520 S.W.2d 377, 379 (Tex. Crim. App. 1975); Cook v. State, 824
S.W.2d 334, 336-37 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). "[T]he accused is not required
to anticipate any and all variant facts the State might hypothetically seek to establish." Brasfield v. State,
600 S.W.2d 288, 295 (Tex. Crim. App. 1980), overruled on other grounds by Janecka v. State, 739
S.W.2d 813, 819 (Tex. Crim. App. 1987); Drumm v. State, 560 S.W.2d 944, 947 (Tex. Crim. App.
1977).

 The present indictment alleged, in all six counts, that appellee "knew that GREG COOKE
was a threat to the health and safety of the said [CHILD], by virtue of the said GREG COOKE's prior
consumption of an alcoholic beverage . . . ." (Emphasis added.) Thus, precisely what appellee is
supposed to have known at the time she allegedly "fail[ed] to remove" the two girls from Greg Cooke's
car could be crucial to the preparation of her defense. We believe the trial court could reasonably have
concluded that it was unclear whether the State was attempting to convict appellee for her knowledge of
Greg Cooke's consumption of alcohol immediately prior to his driving Marissa and Shauna in his car or
simply for appellee's general knowledge of Greg Cooke's consumption of alcoholic beverages before the
day of the offense. Moreover, even if "prior consumption" was intended to mean immediately prior, the
trial court could reasonably have concluded that it was unclear whether the phrase "an alcoholic beverage"
referred to one drink, one type of alcoholic beverage, or an indefinite number of drinks of any type of
alcoholic beverage. Thus, under this indictment, it would not have been unreasonable for the trial court to
conclude that the phrase "prior consumption of an alcoholic beverage" was vague and uncertain and
deprived appellee of adequate notice of the accusations against her.

 We conclude the trial court's ruling was within the zone of reasonable disagreement--and
thus within its discretion--in determining that the lack of specificity as to Greg Cooke's prior consumption
of an alcoholic beverage gave appellee insufficient notice of the accusations against her such that she could
not adequately prepare her defense. See Janecka v. State, 823 S.W.2d 232, 232-38 (Tex. Crim. App.
1990). We overrule points of error five, eleven, seventeen, twenty-three, twenty-nine, and thirty-five. 
Having overruled these points of error, we need not address the State's remaining points.


CONCLUSION


 The trial court did not abuse its discretion in quashing the indictment. Accordingly, we
affirm the trial court's order.