In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00296-CR**
**NO. 09-16-00297-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**TIMOTHY WAYNE SMITH, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-24980, 16-24981**

## MEMORANDUM OPINION

In two separate cases, the State of Texas appeals the trial court's order granting appellee Timothy Wayne Smith's motion to quash and dismiss the indictments. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2016).[1] In each case, the State argued that the trial court erred in granting Smith's motion to

---

[1]Because the subsequent amendment does not affect the outcome of this appeal, we cite to the current version of the Texas Code of Criminal Procedure.

1

quash and in refusing to make findings of fact and conclusions of law. We affirm the trial court's orders.

BACKGROUND

In July 2015, the Jefferson County District Attorney, Bob Wortham, filed a motion to appoint a Criminal District Attorney Pro Tem to review, and if necessary, present and prosecute allegations of tampering with physical evidence and tampering with a governmental record alleged to have been committed by Sergeant S. Broussard and John Chad Kolander on or about June 5, 2013. Judge John Stevens signed the order appointing Josh Schaffer as the District Attorney Pro Tem on July 29, 2015, and that same day, Schaffer took the oath of office. In April 2016, Schaffer filed a motion requesting that Judge Stevens expand the scope of the grand jury investigation and amend his order of appointment to allow Schaffer to investigate whether Smith had committed the offenses of tampering with physical evidence and tampering with a governmental record, and to determine whether to file and present the allegations to the grand jury for potential prosecution. Judge Stevens signed an amended order expanding the scope of the grand jury investigation to include the allegations against Smith.

On May 11, 2016, a grand jury indicted Smith for the offense of tampering with physical evidence in cause number 16-24980 and for tampering with a

2

governmental record in cause number 16-24981. *See* Tex. Penal Code Ann. §§ 37.09, 37.10 (West Supp. 2016).[2] The indictment for the offense of tampering with physical evidence alleged that on or about June 5, 2013, Smith

> did then and there, knowing that an investigation was in progress, make, present, and use, a document, namely: a probable cause affidavit for a search warrant, attached hereto as Exhibit A, with knowledge of its falsity and with intent to affect the course and outcome of the investigation.

The indictment for tampering with a governmental record alleged that on or about June 5, 2013, Smith

> did then and there, intentionally and knowingly make, present, and use a governmental record, namely: a probable cause affidavit for a search warrant, attached hereto as Exhibit A, with knowledge of its falsity, and the actions of the Defendant were done with the intent to defraud and harm another, namely: Judge Bob Wortham.

Exhibit A, which is attached to both indictments, is an evidentiary search warrant in which John Chad Kolander is the affiant. In the search warrant, Kolander, upon his oath deposed and stated:

> Affiant JOHN CHAD KOLANDER is a certified peace officer with the State of Texas and has been an officer for the past 22 years. Affiant is currently employed with the Jefferson County Sheriff's department and is currently assigned to the Criminal Investigation division.

---

[2]Because the subsequent amendments do not affect the outcome of this appeal, we cite to the current version of section 37.10 of the Texas Penal Code.

3

On or [about] the 28th day of May, 2013, Jefferson County Sheriff Sgt. S. Broussard, Bailiff for the 252nd, arrested a man named STEPHEN HARTMAN, for the offense of disrupting a meeting and interference with the duties of a public servant. This offense occurred in the 252nd courtroom, in Beaumont, Jefferson County, Texas. District Judge Layne Walker was presiding in a criminal case.

In a search subsequent to the arrest, Sgt. Broussard discovered in the pocket of HARTMAN a black fountain pen. This pen appeared to be a normal fountain pen but upon closer inspection Sgt. Broussard noticed that this pen was flashing a continuous blue light. Broussard then notices that this pen is actually a digital audio and video recorder. It also appears that this pen was activated and could have captured the events leading up to this arrest.

It is Affiant's belief that recorded on this pen camera could be actual footage of what occurred prior to HARTMAN'S arrest. Affiant requests that this warrant be issued so that investigators can download and record these audio and visual images if they are available. Affiant further believes that these recordings will depict the defendant's conduct to support the offense of disrupting a meeting.

The clerk's record shows that Smith, who was employed as the Chief Investigator of the Jefferson County District Attorney's Office, assisted in preparing the search warrant affidavit by serving as the typist while Kolander related the facts then known to Kolander as the criminal investigator.

In May 2016, the presiding judge of the 252nd District Court, Judge Raquel West, voluntarily recused herself, and that same month, a visiting judge was assigned to Smith's cases. In June 2016, Smith filed a pretrial application for writ of habeas corpus seeking dismissal of his indictments and challenging Judge Stevens's

4

authority to act as the judge and Josh Schaffer's authority to act as the criminal district attorney pro tem. *See* Tex. Code Crim. Proc. Ann. arts. 2.07 (West 2005), 11.01 (West 2015). According to Smith, Judge Stevens's act of appointing Schaffer as the criminal district attorney pro tem is a nullity because Judge Stevens was disqualified from acting in this matter. Smith also complained that Schaffer was not duly sworn as an attorney pro tem and concluded that the indictments brought by Schaffer are a nullity since the State of Texas was not properly represented before the grand jury. Smith filed a motion to quash and dismiss the indictments and a motion to adopt the writs of habeas corpus and other motions filed by similarly-situated defendants.

The Jefferson County District Attorney's office (Jefferson County) filed an *Amicus Curiae Brief* in Smith's case, arguing that the District Attorney did not voluntarily recuse himself from Smith's case and was not disqualified from any matters related to the investigation and prosecution of Smith. Jefferson County argued that the trial court may not expand the authority of a district attorney pro tem to investigate and prosecute matters from which the district attorney has not been disqualified or recused. Jefferson County concluded that it retained the exclusive authority to prosecute Smith, Schaffer never requested the authority to investigate

5

and prosecute Smith, and Judge Stevens did not have the authority to expand Schaffer's authority to include the allegations regarding Smith.

The trial court conducted a hearing on Smith's habeas corpus applications. The trial court heard arguments challenging Schaffer's authority to act as the criminal district attorney pro tem. Schaffer argued that because a pretrial habeas corpus application was not a proper method to challenge an order appointing an attorney pro tem or the authority of the judge who made the appointment, the trial court should refuse to issue the writs without conducting an evidentiary hearing on the merits of the applications. Smith's counsel argued that a writ of habeas corpus should be issued, because Schaffer had no authority to act since Wortham was not recused or disqualified from investigating and prosecuting Smith. After hearing arguments concerning whether the writs should issue, the trial court refused to issue writs of habeas corpus. The trial court also found that there were no grounds to dismiss Schaffer as the criminal district attorney pro tem. The trial court then considered Smith's motions to quash.

The reporter's record from the hearing indicates that Smith's counsel adopted all of Kolander's counsel's arguments concerning the motions to quash because Smith's and Kolander's indictments are exactly the same other than their names. Kolander's counsel explained that Schaffer attached a search warrant affidavit,

6

which had been prepared by Kolander, to the indictments. According to Kolander's counsel, Schaffer has "somehow alleged that that affidavit was false and that by Kolander presenting that false affidavit, Judge Wortham was defrauded or harmed in some way." Kolander's counsel argued that Kolander has an absolute right to know what Schaffer claims is false within the four corners of the indictment; otherwise, the indictments fail to allege a crime against which Kolander can defend. Kolander's counsel further argued that Schaffer's act of attaching the affidavit to the indictments is insufficient to allege what Kolander supposedly did to tamper with evidence or a governmental document. According to Kolander's counsel, the indictment also fails to allege how Judge Wortham was harmed by Kolander signing the probable cause affidavit; Kolander has a constitutional right to know with what he is being charged; and, if the prosecutor alleges that a falsity exists, the defendant is entitled to notice of what the claimed falsity is. Kolander's counsel maintains that even if Schaffer amended the indictments to include a known fact that Kolander and Smith omitted from the affidavit—that fact being that another officer had taken home and viewed the evidence that was the subject of the search warrant—the additional fact would not negate the probable cause to issue the search warrant.

Schaffer argued that the indictments provided adequate notice because they tracked the statutory language and identified the governmental record that allegedly

7

was falsified and tampered with. According to Schaffer, based on Kolander's counsel's argument, it was evident that Kolander knew that it was the material omission of the statement that his counsel identified that rendered the affidavit false in its entirety. In his response to Smith's pretrial habeas corpus applications, Schaffer argued that Kolander learned during his investigation that Broussard had removed the pen from the chain-of-custody, took it home, viewed it, and then returned it to evidence. According to Schaffer, Kolander then met with Smith and others concerning the pen, and a decision was made to apply for a warrant to search the pen. Schaffer contends that Smith wrote the affidavit in support of the search warrant with Kolander's assistance, and Smith and Kolander omitted material information from the affidavit. According to Schaffer, it was the omission of information from the affidavit that caused Judge Wortham to issue a search warrant, and had Judge Wortham known of Broussard's actions, he would not have issued the search warrant. Schaffer concluded that Smith's conduct in making a false affidavit forms the basis of both indictments. The record shows Schaffer also requested that, in the event the trial court found that the indictments failed to provide adequate notice, the trial court grant him leave to consider amending the indictments.

Schaffer further explained that Wortham, who is now the elected Criminal District Attorney, had requested the appointment of an attorney pro tem to

8

investigate, and if necessary, present Kolander's alleged offenses to a grand jury. While the motion requesting the appointment of an attorney pro tem did not assert the factual basis for Wortham's request, Schaffer maintained that it is undisputed that Wortham was conflicted from presiding over the investigation and prosecution of any offense arising out of the Hartman incident because Wortham was a potential witness. In April 2016, Schaffer and the grand jury discovered information that caused the grand jury to conclude that good cause existed to expand the scope of its investigation, and Schaffer presented a motion to Judge Stevens requesting the expansion of the grand jury's investigation to include investigating whether Smith had tampered with physical evidence, tampered with a governmental record, and had committed aggravated perjury. Schaffer presented the motion to Judge Stevens because he had appointed Schaffer and because Judge Stevens was the presiding judge over the grand jury that was investigating the case.

Schaffer explained that he did not give Wortham notice of his request to expand the scope of the grand jury investigation, because Schaffer was not authorized to disclose publicly the primary reason for not notifying Wortham and because the proceedings of the grand jury should be secret. Schaffer argued that if Wortham were to assert his constitutional right to represent the State in Smith's case, the trial court should determine why Wortham is conflicted from prosecuting

Kolander but not Smith, because Wortham is the named complainant in both of their indictments for tampering with a governmental record. However, during the hearing, an assistant district attorney informed the trial court that Wortham did not want to represent the State in Smith's case, and that Wortham believed a special prosecutor was necessary on all the cases.

After hearing arguments concerning the motions to quash, the trial court granted Smith's motions to quash the indictments and granted the State leave to amend the indictments to "make a specific allegation of what the State will rely upon to convict." The trial court entered a written order granting Smith's motions to quash, subject to the State's right to amend the indictments within ten days of the entry of the order. Rather than moving to amend the indictments, the State filed notices of appeal. In each case, the State filed a motion requesting that the trial court issue findings of fact and conclusions of law, but the trial court denied the State's requests.

## ANALYSIS

In issue one, the State argues that the trial court erred in refusing to make findings of fact and conclusions of law. According to the State, Smith raised multiple grounds to quash the indictments, but the trial court refused to identify on which ground it based its decision. In its motion requesting findings of fact and conclusions

10

of law, the State mentions that the trial court gave it time to amend the indictments and instructed the State to "make a specific allegation of what the State will rely upon to convict." The State admits that the trial court's statement suggests that the court granted the motion on the theory that the indictments were impermissibly vague because they failed to identify what Smith falsified in the search warrant affidavit. However, on appeal, the State contends that without findings and conclusions, this Court cannot know with certainty the basis of the trial court's decision.

The State has not pointed this Court to any authority requiring a trial court to make findings of fact and conclusions of law regarding its ruling on a motion to quash an indictment. While the trial court is not required to specify the reasons for its ruling when dismissing an indictment, it is a good practice for trial courts to specifically overrule those grounds not granted; otherwise, the State must challenge every ground raised in the motion. *State v. Sandoval*, 842 S.W.2d 782, 785 (Tex. App.—Corpus Christi 1992, pet. ref'd) (stating that when trial court granted motion to dismiss indictment without specifying which of defendant's legal theories were meritorious, the State was required to challenge all of defendant's legal theories); *see Sovey v. State*, 628 S.W.2d 163, 165 (Tex. App.—Houston [14th Dist.] 1982, no pet.). We conclude that the trial court did not err by refusing to make findings of fact

11

and conclusions of law. We further conclude that under the circumstances presented here, the State could have reasonably concluded that the trial court's order granting the motion to quash was based on the State's failure to make a specific allegation of what the State would rely upon to convict, namely what Smith allegedly falsified in the search warrant affidavit. In both cases, we overrule issue one.

In issue two, the State complains that the trial court erred in granting Smith's motions to quash. The State argues that the indictments are legally sufficient because they provide adequate notice of the conduct that allegedly constitutes crimes because the language in the indictments tracks the statutory text of the applicable offenses. The State identified the probable cause affidavit that Smith made, presented, and used as the false document/governmental record, and the State attached the affidavit to the indictments as an exhibit. According to the State, it is not required to allege what about the affidavit is false because those facts are evidentiary. The State contends that its response to Smith's motions to quash put Smith on notice that it was Smith's omission of material information that rendered the affidavit false.

Whether an indictment sufficiently alleges an offense is a question of law subject to de novo review. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). To meet the accused's right to notice under both the United States and Texas Constitutions, the indictment "must be specific enough to inform the accused of the

12

nature of the accusation against him so that he may prepare a defense." *Id.* Article 21.02 of the Texas Code of Criminal Procedure sets forth requirements for an indictment and specifically provides that the "offense must be set forth in plain and intelligible words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03 (West 2009). Article 21.04 provides that "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04 (West 2009). An indictment that tracks the statutory language generally satisfies constitutional and statutory requirements, and the State need not allege facts that are merely evidentiary in nature. *State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). The trial court should grant a motion to quash "only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

Here, both indictments track the language of the statute, but they do not include the false statement the State would rely upon for conviction. When a charging instrument fails to allege in what manner a defendant violated a criminal statute, the omission is a defect in form. *See Amaya v. State*, 551 S.W.2d 385, 387

13

(Tex. Crim. App. 1977) (holding that the indictment was deficient because it failed to identify the specific false statement the State alleged the defendant made). A pre-trial motion to quash is the proper means of bringing a defect in form to the court's attention. *See Amaya*, 551 S.W.2d at 387; *State v. Borden*, 787 S.W.2d 109, 110 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). When a defect in form is brought to the trial court's attention, the State must respond by amending the indictment to include a specific allegation of what the State will rely upon for conviction. *Cook v. State*, 824 S.W.2d 334, 337 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). "To afford a defendant sufficient notice of an offense under section 37.10, the charging instrument should allege the essential elements of the offense and identify the false entry." *Id.* at 338. Thus, to provide adequate notice of an offense under section 37.10, the State was required to inform Smith of the precise facts in the affidavit that it alleged were false. *See id.*

We conclude that Smith's indictments are deficient because they fail to identify the specific false statement that Smith made in the search warrant affidavit. *See Amaya*, 551 S.W.2d at 387; *Cook*, 824 S.W.2d at 337. We further conclude that the trial court did not err by granting Smith's motions to quash because the indictments did not provide Smith with adequate notice to prepare his defense. *See Cook*, 824 S.W.2d at 338-39. In both cases, we overrule the State's second issue. We

14

note that in his brief, Smith asserted three cross-issues requesting alternative relief "in the event this Court believes it has jurisdiction to determine the merits of this appeal and finds the trial court's order quashing the indictments in error[.]" Having concluded that the trial court did not err by granting Smith's motions to quash, we need not address Smith's cross-issues, since they would not result in greater relief. *See* Tex. R. App. P. 47.1. Having overruled both of the State's issues and having concluded that we need not address Smith's conditional cross-issues in each case, we affirm the trial court's orders.

AFFIRMED.

PER CURIAM

Submitted on February 16, 2017
Opinion Delivered February 22, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.