Aurora G. AMAYA, Appellant,

v.

The STATE of Texas, Appellee.

No. 52221.

Court of Criminal Appeals of Texas.

May 25, 1977.

Owen & Cooper, El Paso, for appellant.

George N. Rodriquez Jr., County Atty., and James H. Luckett, Asst. County Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for welfare fraud. Art. 695c, Sec. 34, Vernon's Ann.Civ.St. The court found appellant guilty and assessed punishment at a fine of fifty dollars and two years in jail, probated.

Appellant contends that the trial court erred in overruling her exception to the information. We sustain this contention and reverse.

Article 695c, Section 34, V.A.C.S., provides:

"*Fraudulent assistance; penalty*

"Sec. 34. Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

"(1) Assistance, services, or treatment to which he is not entitled;

"(2) Assistance, services, or treatment greater than that to which he is justly entitled;

"(3) Or, with intent to defraud, aids or abets in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 32 or Section 33 of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than (2) years, or be both so fined and imprisoned."

Omitting the formal parts, the information alleges that:

"on or about the 1 day of May A. D. 1974, and before the filing of this information, in said County of El Paso, State of Texas, AURORA G. AMAYA did then and there intentionally and knowingly obtain by means of a willfully false statement assistance from the State of Texas Department of Public Welfare such assistance to which she was not entitled."

The information tracks the pertinent portion of the statute and also alleges the required culpability.

However, the information makes no attempt to set out the specific "willfully false statement" the appellant is alleged to have made. The appellant called this precise omission to the attention of the trial court prior to trial by filing a written exception to the information.[1]

Appellant labelled this exception an exception to the substance of the information. See Art. 27.08, Vernon's Ann.C.C.P. However, appellant's complaint in the exception was that because of the omission of the particular false statement, the information did not allege the offense "with such particularity and certainty that the Defendant, who is presumed innocent, may ascertain

---

1. The trial judge overruled this exception, also prior to trial.

fully the matters charged against her and to know the charges which she must meet."

Thus, appellant's complaint was that she did not have sufficient notice of the precise charge against her. In *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex. Cr.App.1974), we held that such a complaint constitutes a challenge to the form, rather than the substance, of an indictment or information. Art. 27.09, V.A.C.C.P.

■ Of course, we are not bound by the label a defendant gives to a defect in an indictment or information. See *American Plant Food Corp. v. State*, supra. However, we conclude that the specified omission in this information is not a defect of substance which renders the information fundamentally defective. The information as drafted alleges an offense in the language of the statute and also alleges the required culpable mental states. We think this is sufficient to charge an offense. Art. 27.08(1), V.A.C.C.P. *American Plant Food Corp. v. State, supra.*

Nonetheless, Art. 27.09, V.A.C.C.P., provides in part that:

"Exceptions to the form of an indictment or information may be taken for the following causes only:

\* \* \* \* \* \*

"2. The want of any requisite prescribed by Articles 21.02 and 21.21.
. . . ."

Art. 21.21(7) requires that an information set forth the offense in plain and intelligible words. In *American Plant Food*, we held:

"If the charge is sufficient in substance under Article 27.08(1), supra, it may still be subject to an exception under Article 27.09(2), supra, for some deficiency under Article 21.21(7), as that provision is further clarified by Articles 21.03, 21.04, 21.-11 and 21.17, V.A.C.C.P. and prior decisions of this Court." *American Plant Food Corp. v. State*, supra, at 603.

One of the "deficiencies" under Article 21.21(7), supra, is the failure of an indictment or information to give the defendant notice of precisely what he is charged with.

*American Plant Food*, supra, at 603. What this means is that if a proper exception or motion to quash is filed and brought to the attention of the court before trial, the State must then respond by amending the indictment or information to include a specific allegation of what the State will rely upon to convict. *American Plant Food*, supra. See Arts. 28.09–28.11, V.A.C.C.P.

■ We believe that the deficiency complained of in the information before us was subject to the exception filed by the appellant. As appellant contends, and as the record reflects, the appellant was required to make many statements to the Department of Public Welfare; she was entitled, upon proper exception, to know which false statement or statements the State would rely upon for conviction. See *Garnett v. State*, 125 Tex.Cr.R. 351, 68 S.W.2d 507 (1934), relied upon by appellant, where this Court held that the State was required to allege the specific false representation relied upon for a conviction under former Art. 1551, V.A.P.C. (1925). And see *Terry v. State*, 471 S.W.2d 848 (Tex.Cr.App.1971), cited with approval in *American Plant Food Corp. v. State*, supra. Cf. *Green v. State*, 533 S.W.2d 769 (Tex.Cr.App.1976).

Because of the trial court's failure to sustain the appellant's exception to the information, the judgment is reversed and the prosecution under this information is ordered dismissed.