Betty **SWABADO,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59,434.

Court of Criminal Appeals of Texas, En Banc.

March 12, 1980.

Rehearing Denied April 30, 1980.

Paul R. Lawrence, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Robert A. Shults, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for tampering with a government record. V.T. C.A. Penal Code, Section 37.10. Punishment is imprisonment for 10 years, probated.

Appellant contends that the trial court erred in overruling her motion to quash the indictment. We agree, and reverse.

Section 37.10, supra, provides in part:

(a) A person commits an offense if he:

(1) knowingly makes a false entry in, or false alteration of, a governmental record; . . .

(c) An offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the third degree.

The indictment in this case alleged that appellant

. . . on or about January 12, 1976, did then and there unlawfully and knowingly make a false entry in a government record, namely a Nursing Facility Monthly Staffing Report by recording the employment of a licensed vocational nurse who was not in fact employed, with intent to defraud and harm another.

## SECOND COUNT

The Grand Jury of Harris County, Texas, present in the District Court of Harris County, Texas, that in Harris County, Texas, Betty Swabado, hereafter styled the Defendant, heretofore on or about February 11, 1976, did then and there unlawfully and knowingly make a false entry in a government record, namely a Nursing Facility Monthly Staffing Report by recording the employment of a licensed vocational nurse who was not in fact employed, with intent to defraud and harm another.

## THIRD COUNT

The Grand Jury of Harris County, Texas, present in the District Court of Harris County, Texas, that in Harris County, Texas, Betty Swabado, hereafter styled the Defendant, heretofore on or about May 6, 1976, did then and there unlawfully and knowingly make a false entry in a government record, namely a Nursing Facility Monthly Staffing Report by recording the employment of a licensed vocational nurse who was not in fact employed, with intent to defraud and harm another.

Prior to trial appellant filed a motion to quash the indictment, urging in part that "the instant indictment, charging Defend-

ant with the offense of tampering with a government record, is vague and ambiguous." The court held a hearing, and overruled the motion to quash. At trial the State elected to dismiss the second and third counts of the indictment. The jury found appellant guilty under the first count. Appellant urges on appeal that the indictment is vague, ambiguous, and fails to give adequate notice of the offense charged.

This Court has long held that to be sufficient an indictment

. . . should set out the particular offense charged with such certainty as that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. . . .

*Hardin v. State*, 85 Tex.Cr.R. 220, 211 S.W. 233 (1919). See also *Earl v. State*, 33 Tex. Cr.R. 570, 28 S.W. 469 (1894); *Brown v. State*, 26 Tex.App. 540, 10 S.W. 112 (1888).

Drawing on several provisions of Chapter 21 of the Code of Criminal Procedure, this Court has more recently set forth the following basic requirements for a "plain and intelligible" indictment:

. . . The indictment must allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with. . . .

*Terry v. State*, 471 S.W.2d 848, 852 (Tex. Cr.App.1971). See Articles 21.02(7), 21.03, 21.04, and 21.11 of the Code of Criminal Procedure; *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974).

In *Moore v. State*, 532 S.W.2d 333 (Tex. Cr.App.1976), we stated:

It must be remembered that it is the intent of Article I, Sec. 10 of the Texas Constitution that an accused in a particular case must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment. *Voelkel v. State*, 501 S.W.2d 313 (Tex.Cr.App.1973). . .

Further, the rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. . .

 As urged by appellant, the indictment in this case fails to meet these basic notice requirements.

First, the indictment fails to sufficiently identify the alleged government records. In each count it alleges only that the record is a "Nursing Facility Monthly Staffing Report." The record reflects that appellant worked as administrator for the Lewis Nursing Home for years prior to the return of the indictment, and, as required by rules of the Department of Public Welfare, filed a staffing report each month during this period. Department of Public Welfare records were admitted in evidence covering a period from May 1974 through June 1976.

The "on or about" dates contained in the indictment were insufficient to identify the alleged reports. The State is not bound by the date on or about which the offense is alleged to have been committed, and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation. *Hill v. State*, 544 S.W.2d 411 (Tex.Cr.App.1976); *Nees v. State*, 402 S.W.2d 186 (Tex.Cr.App.1966). The instant indictment was returned on May 11, 1977, and encompassed all monthly reports filed within the prior three-year limitation period beginning May 11, 1974.

In *Amaya v. State*, 551 S.W.2d 385 (Tex. Cr.App.1977), we held that the indictment alleging welfare fraud was defective because it failed to allege which statement made to the Department of Public Welfare was false. The defendant in that case, similar to this case, had made numerous statements to the agency. We held that the defendant's exception to the information should have been sustained, stating:

One of the "deficiencies" under Article 21.21(7), supra, is the failure of an indictment or information to give the defendant notice of precisely what he is charged with. *American Plant Food*, supra, at 603. What this means is that if a proper exception or motion to quash is filed and brought to the attention of the court before trial, the State must then respond by amending the indictment or information to include a specific allegation of what the State will rely upon to convict.

. . .

Appellant likewise was entitled to know, upon filing her motion to quash, which monthly staffing report the State was relying on to prosecute her. *Amaya*, supra; *Garrett v. State*, 68 S.W.2d 507 (Tex.Cr. App.1934).

Second, the indictment failed to set forth the names of the licensed vocational nurses who were falsely reported as employees, and the dates on which they were falsely alleged to have worked. The record indicates that appellant employed numerous staff nurses during the relevant period of time. The State was obligated, upon demand by motion to quash, to inform appellant of the persons whose names she falsely entered on the reports and the dates on which she falsely reported them as working, in order to identify the alleged criminal acts. See *King v. State*, 594 S.W.2d 425 (Tex.Cr.App.1980). Appellant was forced to look outside the indictment to determine which entries allegedly were false. The accused must be given information upon which he may prepare his defense and this information must come from the face of the indictment. Looking elsewhere is not required by law. *Terry*, supra; *Baker v. State*, 123 Tex.Cr.R. 209, 58 S.W.2d 534 (1933). See Article 21.03, supra.

Finally, because it fails to identify the criminal acts of appellant, the indictment would not enable appellant to plead a judgment given upon it in bar of another prosecution for the same offense. See Article 21.04, supra.

1. In *Perez v. State*, 590 S.W.2d 474 (Tex.Cr. App.1979), recently affirmed by this Court, the

This Court has required that alleged writings be set out *in haec verba* in indictments for forgery, swindling, sending an anonymous letter, and untrue advertising. See *Terry*, supra, at 849–850. Although we decline to adopt a per se rule on the matter, we note that the State likely would have avoided the problems it encountered in this case by setting forth the alleged falsified government records *in haec verba*.[1]

Appellant also challenges the sufficiency of the evidence. Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we must consider this contention before disposing of the case. See *Watson v. State* (No. 58,062, Tex.Cr.App., decided Oct. 17, 1979). It appears from the record that the evidence is sufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

DALLY, Judge, dissenting.

Error such as a court not obtaining jurisdiction because an indictment fails to allege an essential element of an offense may be raised for the first time post trial, but other defects in the indictment must be raised prior to trial by an objection specifically pointing out the alleged defect.

The majority hold that "the indictment in this case fails to meet . . . basic notice requirements" and the opinion also quotes the pretrial objection made in a motion to quash that the indictment was "vague and ambiguous."

The error, if any, in this indictment was not so fundamental that it failed to give the trial court jurisdiction. The pretrial objection made is not sufficiently specific to point out the deficiencies which the majority now find in the allegations of the indictment.

I dissent.

DOUGLAS, TOM G. DAVIS and W. C. DAVIS, JJ., join in this dissent.

alleged government record was set forth *in haec verba*.