IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 458-03






THE STATE OF TEXAS



v.



GEORGE MOFF, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Womack, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., join. Price, J.,
concurs.


O P I N I O N 



 The Appellee, Moff, was charged with intentional, knowing and reckless
misapplication of fiduciary property. Tex. Pen. Code § 32.45(b). The indictment
submitted by the district attorney failed to specify the transaction or transactions involved. 
Moff filed a motion to quash the indictment, which was granted by the trial court. The trial
court's order directed the State to re-file the indictment, specifying which purchases were
alleged to be unauthorized. The State appealed, and the Court of Appeals reversed the trial
court's order quashing the indictment. State v. Moff, 133 S.W.3d 648 (Tex. Crim. App.
2003). Appellee filed a petition for discretionary review, asserting that the trial court had
the discretion to quash the indictment and to require more specificity. We granted review
to determine "[w]hether a trial court abuses its discretion when it requires more specificity
in an indictment alleging recklessness and spanning seven years which fails to identify
which of the countless transactions during that time span the State may rely on for
conviction." We hold that this issue warrants a de novo, rather than an abuse of discretion
standard of review. After a de novo review, we conclude that the Court of Appeals erred by
reversing the trial court's order because the accused was deprived of the notice required to
prepare an adequate defense. 

FACTS

 Moff was the chief appraiser of Nueces County for twenty years. In his capacity as
chief appraiser, he was responsible for making various purchases for the County. A grand
jury indicted Moff for alleged misapplication of fiduciary property. The indictment read:

 On or about and between January 1, 1993 and December 31, 1999, George Moff did
then and there intentionally, knowingly, and recklessly misapply property, to wit:
money and credit cards, of the value of $20,000.00 or more but less than
$100,000.00, that the said defendant held as a fiduciary in a manner that involved
substantial risk of loss to the Nueces County Appraisal District, the owner of said
property, and the person for whose benefit the property was held, by using said
money and credit cards to make purchases without the effective authorization of the
Nueces County Appraisal District Board of Directors.


Appellee filed a motion to quash the indictment for failing to specify which purchases were
made without the authorization of the Appraisal District Board of Directors. Moff was also
under indictment on two other charges that might have involved the same item or items, and
he argued that until he knew which purchases were alleged to be unauthorized, he could not
raise the defense that the charges in the current indictment were jeopardy barred. The trial
court held an initial hearing on the motion, during which the State argued that the
identification of which purchases were unauthorized was an evidentiary issue that Appellee
could learn through discovery. The court deferred ruling on the motion. At a subsequent
hearing to determine which purchases were alleged to be unauthorized, the State
acknowledged that its report on charges for the time period identified in the indictment was
60 pages long, but stated that it was not required to disclose which purchases were
unauthorized. The State argued that it had not yet determined which charges it planned to
use to support its case against Appellee. The trial court then granted the motion to quash
and ordered the State to re-file its indictment to assert with specificity which purchases
were allegedly unauthorized. On appeal, the State asserted that the indictment included all
elements of the offense, and left out only evidentiary matters not required to be pled. The
Court of Appeals held that the trial court abused its discretion in granting the motion to
quash. STANDARD OF REVIEW

 Prior to our decision in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997),
abuse of discretion was the standard employed by our Court when reviewing a trial court's
decision to quash an indictment. But we did not have occasion to analyze its
appropriateness. However, we now determine that a de novo review is more appropriate in
a case such as the one before us. The amount of deference appellate courts afford a trial
court's rulings depends upon which "judicial actor" is better positioned to decide the issue. 
Guzman, 955 S.W.2d at 89. The sufficiency of an indictment is a question of law. When
the resolution of a question of law does not turn on an evaluation of the credibility and
demeanor of a witness, then the trial court is not in a better position to make the
determination, so appellate courts should conduct a de novo review of the issue. While
this case is different from Guzman in that it involves the Appellee's due process right to
notice of the charges against him, our reasoning for modifying the standard of review is the
same. The trial court's decision in this case was based only on the indictment, the motion
to quash, and the argument of counsel, so the trial court was in no better position than an
appellate court to decide this issue. Because the Court of Appeals used an abuse of
discretion standard of review, we will conduct a de novo review of the trial court's ruling
rather than review the decision of the Court of Appeals. 

NOTICE

 The right to notice is set forth in both the United States and Texas Constitutions. 
See U.S. Const. amend. VI; Tex. Const. art. I, § 10. Thus, the charging instrument must
be specific enough to inform the accused of the nature of the accusation against him so that
he may prepare a defense. State v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998);
Daniels v. State, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988); Adams v. State, 707
S.W.2d 900, 901 (Tex. Crim. App. 1986). In addition, the Texas Code of Criminal
Procedure provides guidelines relating to the sufficiency of an indictment. See, e.g.,
Article 21.03 ("Everything should be stated in an indictment which is necessary to be
proved."); Article 21.04 ("The certainty required in an indictment is such as will enable the
accused to plead the judgment that may be given upon it in bar of any prosecution for the
same offense."); Article 21.11 ("An indictment shall be deemed sufficient which charges
the commission of the offense in ordinary and concise language in such a manner as to
enable a person of common understanding to know what is meant, and with that degree of
certainty that will give the defendant notice of the particular offense with which he is
charged, and enable the court, on conviction, to pronounce the proper judgment. . . ."). 

 Here, the indictment followed the statute for misapplication of fiduciary property,
which provides:

A person commits an offense if he intentionally, knowingly, or
recklessly misapplies property he holds as a fiduciary or property of a
financial institution in a manner that involves substantial risk of loss
to the owner of the property or to a person for whose benefit the
property is held. 


Tex.Pen.Code. § 32.45(b). We have stated that ordinarily, an indictment is legally
sufficient if it delineates the penal statute in question. Daniels, 754 S.W.2d at 218; 
Thomas v. State, 621 S.W.2d 158, 161 (Tex. Crim. App. 1981) (opinion on rehearing); 
Haecker v. State, 571 S.W.2d 920, 921 (Tex. Crim. App. 1978). However, these cases are
different from the case before us because the issue in them relates to whether the terms
used in the indictment are sufficiently specific to provide notice to the defendant. Thus,
this rule applies when the indictment is framed under a statute in which the act constituting
the offense is defined so that the accused is informed of the nature of the charge. Haecker,
571 S.W.2d at 921. Additionally, this rule does not mean that a trial court cannot require
the State to amend an indictment which tracks the language of the statute when more notice
is needed so that the accused can adequately prepare a defense.

 Because fundamental constitutional protections are involved, if a defendant files a
timely motion stating that the indictment does not provide adequate notice, there are some
circumstances in which the trial court may require more information. In Drumm, the
appellant filed a motion to quash, stating that the information failed to give sufficient
notice. The trial court overruled the motion. We reversed the judgment and stated that:

 Because of the fundamental notions of fairness that require adequate
notice of the nature of the charges against the accused in our system
of justice, a timely claim of inadequate notice requires careful
consideration. . . . When the defendant petitions for sufficient notice
of the state's charge by motion to quash adequately setting out the
manner in which notice is deficient, the presumption of innocence
coupled with his right to notice requires that he be given such notice.


Drumm, 560 S.W.2d at 946-47. Thus, the accused has the right to notice that is specific
enough to allow him to investigate the allegations against him and establish a defense. 

 We have considered issues similar to the one before us in Swabado v. State, 597
S.W.2d 361 (Tex. Crim. App. 1980), and Amaya v. State, 551 S.W.2d 385 (Tex. Crim. App.
1977). In Swabado, the defendant was charged with tampering with a government record. 
He filed a motion to quash the indictment, contending that it was vague and ambiguous due
to the fact that, as a nursing home administrator for several years prior to the indictment, he
routinely prepared and filed government records including monthly staffing reports. 
Swabado, 597 S.W.2d at 362-63. The trial court denied the motion. We held that the trial
court erred in denying the motion because the indictment failed to identify the monthly
staffing report on which the State would rely. Id. at 364. Thus, the statutory language was
insufficient to provide the defendant with notice of the offense. 

 The defendant in Amaya was required to make many statements to the Department
of Public Welfare. The information alleging welfare fraud failed to allege which of the
defendant's statements was false. We stated that, "if a proper exception or motion to quash
is filed and brought to the attention of the court before trial, the State must then respond by
amending the indictment or information to include a specific allegation of what the State
will rely upon to convict." Amaya, 551 S.W.2d at 387, citing American Plant Food Corp.
v. State, 508 S.W.2d 598, 603 (Tex. Crim. App. 1974). We held that the defendant was
entitled, upon proper exception, to know which false statement the State would rely upon
for conviction. Amaya, 551 S.W.2d at 387. Thus, as a general rule, an indictment must
give the defendant notice of precisely what he is charged with so that he may prepare an
adequate defense. However, in a case such as the one before us, in which each unauthorized
transaction was a separate criminal act but together constitutes the single offense of
misapplication of fiduciary duty, details regarding the specific acts on which the State
intends to rely are not required to be listed in the indictment, as long as they are provided
by some other means.

ANALYSIS

 The indictment in the case before us alleges that the illegal purchases occurred "on
or about and between January 1, 1993 and December 31, 1999." Similar to the defendant in
Swabado, in his capacity as Chief Appraiser of the Nueces County Appraisal District, Moff
used money and credit cards to make numerous purchases of equipment and supplies during
the time period alleged in the indictment. Although the indictment correctly tracks the
language of the statute, in this type of case, that alone is not sufficient to fulfill the
constitutional and statutory requirements of specificity. It is unreasonable to require the
defendant to gather evidence and prepare a defense for each of the credit card and cash
transactions he made during the seven-year time frame in the indictment. Thus, additional
information that is reasonably necessary for the defense to prepare its case must be
provided. This is not to say that the State must lay out its case in the indictment, only that
the defendant must be informed of the specific transactions that allegedly violate the
statute. We recently stated in Kellar v. State, 108 S.W.3d 311, 313 (Tex. Crim. App.
2003), that "this due process requirement may be satisfied by means other than the
language in the charging instrument." In Kellar, prior to trial, the State filed an itemized
list containing the dates, check numbers, and amounts of each transaction, which provided
the defendant with sufficient notice to prepare his defense. This is not meant to imply that
the notice requirement is always satisfied by discovery. For example, the State may not
conduct "trial by ambush," in which the information necessary to provide notice is buried
somewhere in a mass of documents turned over to the defendant. The trial court must
determine whether the notice given to the defendant is sufficient and should quash the
indictment if the notice is not specific enough. Therefore, the trial court did not err in
quashing the indictment because the State failed to give Moff sufficiently specific notice
of the particular act or acts with which he is charged. 

 We note that in the pre-trial hearing and at oral argument, the State suggested that
Moff should look outside the indictment to a report generated by the Texas Rangers to
identify the unauthorized purchases. The trial judge specifically rejected this idea and
found that the documents that had been provided to Moff did not provide sufficiently
specific notice to allow him to prepare his defense. (1) 

 Because the indictment was quashed and the State appealed the decision of the trial
court rather than re-file the indictment, there has been no trial. Since there was no trial
from which to show harm, the situation before us is not subject to a harm analysis. 

Conclusion

 We hold that, because the State failed to provide sufficient notice to inform the
accused of the specific acts for which he was charged, the trial court did not err in quashing
the indictment. The judgment of the Court of Appeals is reversed, and the cause is
remanded to the trial court to resume the proceedings.

 Meyers, J.


Delivered: October 6, 2004

Publish
1. [STATE] I think that the best working blueprint we have at this point we've already
produced to them, which is the ranger's 60-plus page report. So that, in terms of theory of
a case at this point, that's probably the best one we have.


 [COURT] Have you folks been talking to the - - to the federal government? That's
how - - that's what they do. They produce hundred-page documents and go "Somewhere in
there lies the offense." 

* * *

But it seems to me that there seems to be a notice problem. You've got the dollar amount
but there's got to be some documentation that says: Well, Mr. Moff, on this date did A and
this is what we say he did, he misappropriated or used a credit card.

* * *

It seems to me that if I'm going to sit here and we have a jury in the box, that a person that's
accused of a crime needs to know what he or she is accused of. For the State to say, "Well,
between '93 and '99," and produce whatever documents, and just throw it against the wall is
not serving anyone, including Mr. Moff or any accused that comes into court.

* * *


 [DEFENSE] All I'm asking them to do is identify out of the thousands of pages of
documents they've produced which ones reflect something that they can - - that they
contend was illegal.