

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-0474-CR

_____

SAUL SANCHEZ-HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 915, Honorable Ron Enns, Presiding

April 9, 2013

## MEMORANDUM OPINION

Before Quinn, C.J. and Campbell and Pirtle, JJ.

Appellant Saul Sanchez-Hernandez appeals from his jury conviction of the offense of continuous sexual abuse of a child[1] and the resulting sentence of twenty-five years of imprisonment. Through six issues, appellant contends the trial court erred. We will affirm the judgment of the trial court as modified herein.

---

[1] Tex. Penal Code Ann. § 21.02 (West 2011).

Background

In February 2010, law enforcement officers received a report of sexual abuse by appellant concerning a female child, S.C., then fourteen years old. Appellant is not S.C.'s biological father, but appellant and S.C.'s mother were married for twelve years. They have three children together, two girls, G.S., who was then nine years old and A.S., then four, and a boy, J.S., then ten years old. Officers scheduled forensic interviews and SANE exams for all four children. After those interviews and exams, appellant was arrested for continuous sexual abuse.

The SANE nurse, Becky O'Neal, testified at trial to her examination of each of the children. Her reports, which include statements made to her by each of the children, were also admitted at trial. O'Neal testified she found two healed tears on S.C.'s hymen, caused by penetration of her female sexual organ. G.S. and A.S. each also had healed tears to their hymens and O'Neal noted immediate dilation of the anus of A.S., which O'Neal said indicated multiple penetrations of her anus.

S.C.'s statement to O'Neal included allegations that appellant touched her "private" with his hands and "sometimes it hurts." She also stated appellant "would rub against my butt with his dick, it felt hard, our clothes were on." She further stated appellant touched her "boobs" on her skin with his hands. The statement includes also the allegation S.C.'s brother J.S. "puts his dick in my private, he's done it lots of times. He learned it from my dad." In her trial testimony, S.C. said appellant once "stuck his finger inside" her sexual organ, and that he "many times" touched her without sticking his finger inside. On cross-examination, S.C. admitted she liked her mother better than

appellant and that appellant disciplined her. However, confronted with the possibility that she was lying about the allegations against appellant, she reaffirmed appellant touched her.

J.S.'s statement indicated appellant hit him with his hands and a belt, made his nose bleed, and made him "have sex" with S.C. He also said he saw appellant touch all of his sisters.

Appellant testified, denying each of the allegations against him.

## Analysis

### Sufficiency of the Evidence

By appellant's first two issues, he challenges the sufficiency of the evidence to support his conviction. He presents three arguments, two focusing on the periods of time alleged in the indictment, the third focusing on a contention S.C.'s and J.S.'s allegations were fabricated and untrue.

### Applicable Law

In evaluating challenges to the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010) (plurality op.). If, from the evidence viewed in that light, a rational factfinder could have found the essential elements of the offense true beyond a reasonable doubt, then the evidence is sufficient to support the verdict. *Jackson*, 443 U.S. at 319. The jury is free to believe or disbelieve all or any part of any witness's

3

testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). We also defer to the jury's determination of the weight to be given contradictory evidence. *Johnson v. State,* 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). The jury is permitted to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Hooper,* 214 S.W.3d at 13.

The sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State,* 281 S.W.3d 414, 421 (Tex.Crim.App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

The testimony of a victim, standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault. Tex. Code Crim. Proc. Ann. art. 38.07 (West 2005). *Ruiz v. State,* 891 S.W.2d 302, 304 (Tex.App.—Fort Worth 1994, pet. ref'd); *Weeks v. State,* Nos. 07-09-077-CR, 07-09-078-CR, 07-09-079-CR, 07-09-080-CR, 2010 Tex.App. LEXIS 5695 (Tex.App.—Amarillo July 20, 2010, pet. ref'd) (mem. op., not designated for publication).

A person commits the offense of continuous sexual abuse of a child if: "(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual

4

abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." Tex. Penal Code Ann. § 21.02 (West 2011).  If a jury is the trier of fact, as here, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. Tex. Penal Code Ann. § 21.02(d) (West 2011). The jury need only agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.  *Id.*  Conviction is permitted only if all elements of the offense occurred on or after September 1, 2007. Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 4.01(a), 2007 Tex. Gen. Laws 1120, 1148.

Thus, to convict appellant, the State was not required to prove the exact dates of the acts of sexual abuse, but the jury must have found that appellant committed at least two acts of sexual abuse over a period of 30 or more days. Tex. Penal Code Ann. § 21.02(d) (West 2011); *Smith v. State,* 340 S.W.3d 41, 48 (Tex.App.—Houston [1st Dist.] 2011, no pet.) (statute requires proof "the last act of sexual abuse occur[red] on at least the 29th day after the day of the first act"); *Williams v. State*, 305 S.W.3d 886, 889 (Tex.App.—Texarkana 2010, no pet.) (listing elements of offense).

Application

The indictment alleged appellant committed acts of indecency involving genital contact against all four children.[2] Most of the evidence concerned acts committed

---

[2] *See* Tex. Penal Code Ann. § 21.02(c)(2) (listing manner of indecency with a child among acts of sexual abuse); § 21.11(a)(1) (describing manner of indecency with child); § 21.11(c) (defining "sexual contact") (West 2011).

against S.C. By his first argument, appellant contends the evidence was insufficient to establish that one or more of the acts of sexual abuse occurred "on or about February 9, 2008 through December 31, 2009," as the indictment alleged. Appellant specifically argues no evidence showed when the single instance of digital penetration of S.C. occurred.

Typically, dates alleged in an indictment are an approximation that allow the State to prosecute a defendant for acts occurring within the limitations period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997); *Addicks v. State*, 15 S.W.3d 608, 611 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd). The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period. *Id.; see Thomas v. State*, 753 S.W.2d 688, 693 (Tex.Crim.App.1988) ("Where an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations."). No statutory limitations period applies to the offense of continuous sexual abuse. Tex. Code Crim. Proc. Ann. art. 12.01(1)(D) (West 2011); *Smith*, 340 S.W.3d at 48.

As noted, the statutory requirement is for proof showing commission of two or more acts of sexual abuse over a period of 30 or more days. *Smith,* 340 S.W.3d at 48. While we agree with appellant that the evidence does not establish the date of the instance of digital penetration to which S.C. testified, proof of the date of that act was not required.

6

By his second argument, appellant contends there was insufficient evidence allowing the jury to conclude the acts of sexual abuse occurred over a period of 30 days or more. He acknowledges that if the jury believed the testimony of S.C. and J.S., it properly could have concluded that the acts to which they testified occurred more than once, but argues nothing shows they took place over the period required by the statute.

Both J.S. and S.C. testified that their first sex act, performed at appellant's insistence, occurred when J.S. was 8 years old. S.C.'s statement to O'Neal said their last sexual contact was in December 2009, when J.S. was 10 years old. That also was the month appellant and his wife separated, and appellant left the house. In addition to the act of digital penetration, S.C. told the jury appellant touched her genitals "many times." J.S.'s statement to O'Neal, given in February 2010, includes the statement, "My dad touches all my sisters too. I seen him do it." Nothing about the children's statements suggests that all the acts of sexual abuse they described occurred within any 30-day period, and those involving J.S. and S.C. clearly were described as occurring over a longer period. We find a rational juror, hearing all the testimony, would conclude the acts of sexual abuse occurred over a substantial period of time. Construed in the light most favorable to the verdict, the testimony permitted the jury to infer beyond reasonable doubt that the instances of sexual abuse occurred over a period of 30 days or more. *Smith,* 340 S.W.3d at 48. *See also McGough v. State,* No. 11-10-00073-CR, 2012 Tex.App. LEXIS 1669, at *21-22 (Tex.App.—Eastland March 1, 2012, no pet.) (mem. op., not designated for publication) (finding evidence sufficient to allow jury to reasonably infer appellant committed more than one act of sexual abuse during a period that was 30 or more days in duration when the victim testified the first

7

incident occurred in August 2007, the last on November 16, 2007, and did not specify the dates of any other sexual assaults but said they occurred for "quite some time"); *Williams*, 305 S.W.3d at 889-90 (similar analysis).

In his third argument, appellant points to numerous inconsistencies among the versions of events the children gave during their forensic interviews at a child advocacy center, and among the versions the children gave the forensic interviewer, those reflected in the histories taken from the children by the SANE nurse, and those heard during their trial testimony.

Evidence showed S.C. made her outcry shortly after appellant and her mother separated, and there was evidence from which the jury could have concluded that the mother was motivated to pursue the accusations against appellant because of issues in their divorce. As noted, S.C. admitted she liked her mother better than appellant and that appellant disciplined her. There also was evidence of attempts by other family members to influence the children. Pointing to the inconsistencies in the testimony and the evidence of coaching, appellant argues a rational finder of fact must maintain a reasonable doubt as to the truth of their allegations against him.

The State counters that inconsistencies like those encountered in this record are to be expected, and are not indications of fabrication. The State also points to the evidence of penetration present on S.C. and A.S. We note also that S.C. was effectively cross-examined and, when confronted directly with a challenge to the truthfulness of her testimony, insisted appellant had touched her genitals. During his

8

testimony, J.S. also told the jury he had once witnessed appellant touch S.C.'s private parts. He also was effectively cross-examined.

The jury had the evidence before it; it was that body's task to decide whether the children were being truthful. Tex. Code Crim. Proc. Ann. art. 38.07 (West 2005); *Hammer v. State*, 296 S.W.3d 555, 568 (Tex.Crim.App. 2009). Appellant's contention of fabrication does not explain the findings of the SANE nurse that are consistent with sexual abuse, including penetration. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 36.13 (West 2007); art. 38.04 (West 1979); *Sharp,* 707 S.W.2d at 614. S.C. was fifteen by the time of trial. As the sole judge of their credibility, the jury was free to believe S.C. and J.S.'s trial testimony that appellant sexually abused S.C. and forced sexual contact between J.S. and his sister, and to disbelieve appellant's testimony denying such acts. *Sharp,* 707 S.W.2d at 614.

Viewed in the light most favorable to the verdict, the evidence is sufficient to establish that appellant committed at least two acts of sexual abuse against the children over the period required by statute. We overrule appellant's first two issues.

Motion for Notice of Accusations and Motion to Quash Indictment

In appellant's third and fourth issues, he argues the trial court erred in denying two pre-trial motions he filed. Both motions addressed the asserted failure of the indictment to allege the specific acts of abuse against which appellant was to prepare his defense.[3] He argues the indictment was insufficient to put him on notice of the

---

[3] The indictment provided:

particular offense with which he was charged.  Tex. Code Crim. Proc. Ann. art. 21.11 (West 2011).

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). Therefore, we review *de novo* a trial court's ruling on a motion to quash an indictment**.** *Id.* An indictment is sufficient when it charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged. Tex. Code Crim. Proc. Ann. art. 21.11 (West 2011).

The right to notice is set forth in both the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; Tex. Const. art. I, § 10; *Moff*, 154 S.W.3d at 601. Accordingly, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *Moff*, 154 S.W.3d at 601. "An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex.Crim.App. 2007).

---

Saul Sanchez-Hernandez…did then and there, during a period that was 30 or more days in duration, to-wit: from on or about February 9, 2008 through December 31, 2009, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against children younger than 14 years of age, namely: then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with [S.C.] or [G.S.] or [A.S.] or [J.S.] by touching the genitals of [S.C.] or [G.S] or [A.S.] or [J.S.], children younger than 17 years and not the spouse of the defendant.

10

Appellant's argument relies on *Moff,* 154 S.W.3d at 601, *Swabado v. State,* 597 S.W.2d 361 (Tex.Crim.App. 1980), and *Amaya v. State,* 551 S.W.2d 385 (Tex.Crim.App. 1977). We find no support for appellant's position in these cases. Each of them involved charges of misconduct occurring in some transactions during periods of time in which the defendant conducted many transactions. *See Moff*, 154 S.W.3d at 603 (finding it unreasonable to require defendant, a chief appraiser, to prepare defense for each of the credit card and cash transactions made during the seven-year period named in indictment); *Swabado,* 597 S.W.2d at 364 (because defendant employed numerous staff nurses during relevant period, State was obligated to inform her of names and dates of false entries, in prosecution for government record offense); and *Amaya,* 551 S.W.2d at 387 (finding because defendant was required to make many statements to the Department of Public Welfare, she was entitled to know which statements the State alleged were false). The courts found the defendants were entitled to some notice as to which transactions, out of many, the State considered unlawful. Appellant can claim no such hindrance to preparation of his defense. Appellant was not required to sort through instances of lawful conduct, seeking to ascertain which acts of sexual abuse of his children the State considered unlawful. There are no lawful acts of sexual abuse of a child.

The indictment tracks the applicable statutory language by alleging each element of the offense of continuous sexual abuse of a child. Tex. Penal Code Ann. § 21.02(b) (West 2011). The indictment also alleges the specific acts committed by appellant that constitute "acts of sexual abuse" under the statute. Tex. Penal Code Ann. § 21.02(c) (West 2011). *Cf. Schrecengost v. State*, Nos. 02-12-00060-CR, 02-12-00061-CR, 2013

Tex.App. LEXIS 1728, at *7-8 (Tex.App.—Fort Worth Feb. 21, 2013, no. pet. h.) (mem. op., not designated for publication) (finding defendant received, from indictments and other pretrial filings, notice of specific acts of sexual abuse alleged by State). We conclude the indictment here provided adequate notice of the offense with which appellant was being charged to enable him to prepare a defense. Finding the trial court thus did not err in denying appellant's two motions, we resolve appellant's third and fourth issues against him.

Admission of Extraneous Offense

In appellant's fifth issue, he complains of testimony by S.C. describing an extraneous offense not included in a notice from the State. *See* Tex. R. Evid. 404(b). Appellant argues he filed a motion requesting notice of any extraneous offenses to be used during trial but the State did not respond. Nevertheless, during S.C.'s testimony, the State asked if appellant threatened her mother with anything other than his hands. Appellant objected that this was an "extraneous offense or going into the character of my client" but did not object on the basis of lack of notice. The trial court overruled appellant's objection. S.C. then testified, with no further objection from appellant, she saw appellant place a gun under her mother's chin.

The State contends appellant's complaint on appeal was not preserved for our review, and we must agree. Appellant did not make the trial court aware he was objecting to the failure of the State to include appellant's act in a Rule 404(b) notice. *See* Tex. R. App. P. 33.1(a); *Brown v. State*, 880 S.W.2d 249, 252 (Tex.App.—El Paso 1994, no pet.) (holding appellant failed to preserve his failure-to-notice complaint where

"defense counsel did not object that the State failed to give timely notice of its intent to use" certain extraneous misconduct); *Curcru v. State,* No. 13-08-00734-CR, 2010 Tex.App. LEXIS 9748, at *8-9 (Tex.App.—Corpus Christi Dec. 9, 2010, no pet.) (mem. op., not designated for publication) (noting same).  We overrule appellant's fifth issue.

Mistake in Written Judgment

In appellant's last issue, he points out a discrepancy in the written judgment of conviction.  Page one of the judgment correctly lists "Richard Gaida" as the jury foreperson and shows he signed the verdict form in that capacity.  The second page of the judgment, setting out the punishment verdict, however, lists another individual as the foreperson, an individual whose name does not appear on the list of jurors in the record.  Appellant argues the wrong name appearing at one location in the judgment makes the judgment invalid, requiring reversal.

Noting that the name of the jury foreperson is not among the items of information statutorily required in a judgment, *see* Tex. Code Crim. Proc. Ann. art. 42.01 (West 2011), the State suggests that any action by this court should be limited to reforming the judgment to correct the erroneous entry.  We agree.  The proper remedy to correct a mistake like this in the judgment is reformation of the judgment, not reversal of the conviction.  Tex. R. App. P. 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (court has authority to reform judgments and correct typographical errors to make the record speak the truth, and may act *sua sponte* to do so).  We overrule appellant's last issue, but will modify the judgment.

Conclusion

Having resolved each of appellant's issues against him, we modify the judgment of the trial court to show Richard Gaida as foreperson of the jury on page 2 of the judgment, and affirm the judgment as modified.


James T. Campbell
Justice


Do not publish.