

**NUMBER 13-24-00186-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**THE STATE OF TEXAS,** **Appellant,**

**v.**

**VANESSA TIJERINA,** **Appellee.**

---

**ON APPEAL FROM THE 197TH DISTRICT COURT
OF CAMERON COUNTY, TEXAS**

---

**MEMORANDUM OPINION**
**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

By one issue with four sub-issues, appellant, the State of Texas, challenges the trial court's order quashing the indictment that charged appellee, Vanessa Tijerina, with one count of aggregate theft. *See* TEX. PENAL CODE ANN. § 31.09. We reverse and remand.

# I.    BACKGROUND

On August 27, 2020, the State reindicted Tijerina, as follows:

[T]hat began on or about MARCH 16, 2012, and continued until on or about AUGUST 31, 2016, and before the presentment of this indictment, in the County of Willacy[1] and State of Texas, . . . Tijerina, . . . did then and there, pursuant to one scheme or continuing course of conduct, unlawfully appropriate, by acquiring or otherwise exercising control over property, to wit: SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM AND MEDICAID BENEFITS, and the aggregate value of the property obtained was $20,000 OR MORE BUT LESS THAN $100,000, from TEXAS HEALTH AND HUMAN SERVICES COMMISSION, THE OWNER THER[E]OF, WITHOUT THE EFFECTIVE CONSENT OF THE OWNER, NAMELY, BY DECEPTION, AND WITH INTENT TO DEPRIVE THE OWNER OF THE PROPERTY.

Pursuant to Article 27.08 of the Texas Code of Criminal Procedure, Tijerina filed a pre-trial motion to quash and exception to the substance of the indictment, arguing that prosecution for the charged offense was "barred by a lapse of time." More specifically, she asserted that the statute of limitations for a theft offense is five years from the date of offense, and as such, any alleged theft prior to August 28, 2015, was time barred since she was indicted on August 27, 2020.[2] She also argued the State was "attempting to avoid the [five] year statute of limitation by improperly using [Article 31.09]." Finally, she contended that "there was not a scheme or continuing course of conduct that would justify suspension of [the five-year limitation period]," and her

> application for need based medical and nutritional benefits was neither a scheme or ongoing illegal course of conduct in 2012, 2013, 2014 and 2015. Any alleged theft during those years is considered a separate violation and not an ongoing scheme to commit theft. Therefore, Article 12.01 [(setting

---

[1] We observe that the record includes an order entered on October 12, 2021, transferring the underlying cause from Willacy County, Texas to Cameron County, Texas.

[2] We note Tijerina cites to Article 12.01 of the Texas Code of Criminal Procedure for this assertion. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(4)(A) ("Except as provided in Articles 12.015 and 12.03, felony indictments may be presented within these limits, and not afterward, five years from the date of the commission of the offense: theft[.]").

2

forth the statute of limitations for various felony offenses)] would bar the State from prosecution for any theft prior to August 28, 2015. Additionally, each alleged theft must be identified by date in the indictment and proven at trial. The indictment does not allege a single theft on a specific date.

Tijerina prayed that the trial court quash the indictment due to its defects of substance. The State filed a response in disagreement. On the day of trial, March 18, 2024, the State announced, "not ready" and requested a continuance citing staffing reasons, and Tijerina announced, "ready" subject to being heard on her motion. After denying the continuance, the trial court took up Tijerina's motion, and the following colloquy occurred:

THE COURT: And the concern I've got is, during that period of time— It took about a year and a half for y'all to reindict this defendant—

[State]: Yes, Your Honor.

THE COURT: —on the same charges. And I do not understand that per—I know that the period of time that it took to indict her—or that period of time did not—or I guess the statute of limitations ran during that time. It did not run, did not toll, obviously, when the—when the charges were filed. And I do understand that argument. But I do not understand—I guess I'm trying to figure out what the—what your argument was, [Tijerina], as far as why this case should be dismissed. Are you trying to get the whole case dismissed? Or is it just some of the charges? Or get it reduced? Or—

[Tijerina]: Well, I think—I think the argument could be both, Your Honor. I mean, what we have here is an indictment that is insufficient in giving notice to the defendant. We have an indictment that alleges a theft between 2012 and 2016.

THE COURT: '16, yeah.

[Tijerina]: And the statute of limitations, if the case was filed in 2020, which is the date that we have, it would only

3

relate back to 2015. So we have '12, '13, '14, and part of '15, that they're trying to aggregate into a theft case. But there's no notice in that indictment of any thefts. There's no dates in that indictment. There's no alleged thefts. There's no victim in that indictment, other than one government agency. They don't even allege in that indictment where, who, when, the thefts that they're aggregating. The indictment in itself, I would argue, is insufficient and should be dismissed as a whole, but it's definitely a theft case that's outside of the statute of limitations. And to aggregate, you have to prove a common scheme or some tie between each of the alleged thefts . . . [.]

. . . .

How can I defend my client from a theft case between 2012 and 2016 when they don't even allege a date, they don't allege a victim, they don't allege a crime. "To-wit" what? "To-wit." Read—read that indictment and tell me, "To-wit" what? It's not even in there, Judge. How do you get ready for a theft case when they don't even allege it? And it's outside the statute of limitations. So I would argue that that indictment is insufficient and should be dismissed on its face.

THE COURT:    All right.

. . . .

Towards the conclusion of the hearing, the trial court decided to quash the indictment and clarified its decision as follows:

The COURT:    [B]ut, at this point in time, as far as the motion to quash is concerned, I'm going to quash the indictment. All right?

[State]:    And, Your Honor, just—just for the record, the Court is not making any findings on whether or not the statute of limitations' issue—

The COURT:    No. I'm not making—I'm not making a finding on that. I'm just—the indictment, in my opinion, is defective, as far as I'm concerned, and that's what I'm doing, so I'm

4

dismissing the case as this point.

A written order was later entered by the trial court granting the motion to quash that contained no findings. The State appealed.[3] *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

A criminal defendant has the constitutional right to fair notice of the specified offense against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *id.* art. V, § 12b; *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008) ("The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense."); *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003) ("[A] defendant does have a constitutional right to sufficient notice so as to enable him to prepare a defense."). Consequently, charging instruments "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. arts. 21.02–.04, .11 (setting forth the statutory requirements for indictments).

Notice must come from the face of the indictment, *see Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000), and generally, an indictment that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice, *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017). But in some cases, an indictment

---

[3] We abated and remanded this case to determine whether this appeal was timely perfected because the challenged order did not reflect when the trial court signed it. A supplemental record was filed showing that the order was signed on April 2, 2024. As such, the April 10, 2024, notice of appeal was timely filed. *See* TEX. CODE CRIM. PROC. art. 44.01(d); TEX. R. APP. P. 26.2(b).

5

that tracks the statutory language may be insufficient to provide a defendant with adequate notice. *Id*.; *Borders v. State*, 654 S.W.3d 202, 205 (Tex. App.—Austin 2022, no pet.) ("Similarly, an indictment tracking the statutory language may be insufficient when a defendant needs additional information to be able to 'investigate the allegations against him and establish a defense.'" (citations omitted)).

A challenge to the sufficiency of a charging instrument raises a question of law. *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). Accordingly, appellate courts review a trial court's ruling on a motion to quash an indictment de novo. *Id*. at 13–14; *State v. Zuniga*, 583 S.W.3d 209, 214 (Tex. App.—Corpus Christi–Edinburg 2018, pet. ref'd). "The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case." *Zuniga*, 512 S.W.3d at 906.

Sufficient notice "may be satisfied by means other than the language in the charging instrument". *Kellar*, 108 S.W.3d at 313. "In analyzing whether a charging instrument provides adequate notice, our notice jurisprudence makes clear that courts must engage in a two-step analysis." *Barbernell*, 257 S.W.3d at 255. We (1) identify the elements of the offense, and (2) determine "whether the statutory language is sufficiently descriptive of the charged offense." *Zuniga*, 512 S.W.3d at 907.

The Texas Code of Criminal Procedure authorizes a defendant to file three pleadings to challenge an indictment: (1) a motion to set aside the indictment; (2) an exception to the indictment's form; and (3) an exception to the indictment's substance. *See* TEX. CODE CRIM. PROC. ANN. arts. 27.02 (stating that the "pleadings and motions of the defendant shall be . . . [a] motion to set aside or an exception to an indictment . . . for some matter of form or substance"), .03, .08–.09; *see also Vasquez v. State*, No. 05-20-

6

00116-CR, 2022 WL 2951667, at *3 (Tex. App.—Dallas July 26, 2022, pet. ref'd) (mem. op., not designated for publication) (outlining the ways a defendant can challenge an indictment). Article 27.10 provides that all motions and exceptions shall be in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 27.10 ("All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.").

### III.    MOTION TO QUASH

#### A.    Arguments

Broadly, the State asserts that the trial court had no authority to quash or dismiss the indictment under any of the three grounds alleged in Tijerina's motion. Because Tijerina concedes the State's first two sub-issues, we do not address them.[4] *See* TEX. R. APP. P. 47.1. Accordingly, we consider the State's third sub-issue. The State relies on a series of cases from the Texas Court of Criminal Appeals for the argument that "Tijerina failed to trigger the more demanding notice requirements that the trial court appears to have imposed upon the State" even though "there is no indication in the record as to how many transactions form the basis for the aggregate theft presently alleged." *Kellar*, 108 S.W.3d at 311; *Moff*, 154 S.W.3d at 599; *Swabado v. State*, 597 S.W.2d 361 (Tex. Crim. App. 1980); *Amaya v. State*, 551 S.W.2d 385 (Tex. Crim. App. 1977).

Tijerina responds that her trial counsel correctly argued at the March 18 hearing that the indictment was defective for want of specific notice.

---

[4] More specifically, Tijerina concedes that "[a]s to the first ground urged: that the indictment was filed outside the five-year statute of limitations period, said argument is unfounded. . . . As to the second ground advanced: that each incident of theft, dating back to March 12, 2012, had to be separately identified and pleaded in the indictment, is likewise groundless."

7

**B.      Analysis**

Upon our review of the four cases relied on by the State, we do not agree with this argument as the State frames it. To elaborate, we do not agree that simply referencing a record allegedly showing numerous transactions triggers a determination that additional notice must be provided to the defense than that already provided in a charging instrument.

Instead, these cases show that the determination of whether additional notice is needed is triggered upon the filing of a pleading or motion raising a lack of adequate notice challenge or a hinderance to an accused to prepare a defense. *See Kellar*, 108 S.W.3d at 313 (detailing what the State provided to the defense to show the defendant had actual notice after stating "[w]hen a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend" (citation omitted)); *Moff*, 154 S.W.3d at 602 ("Because fundamental constitutional protections are involved, if a defendant files a timely motion stating that the indictment does not provide adequate notice, there are some circumstances in which the trial court may require more information."); *Swabado*, 597 S.W.2d at 364 (explaining that "[a]ppellant . . . was entitled to know, upon filing her motion to quash, which monthly staffing report the State was relying on to prosecute her" and "[t]he State was obligated, upon demand by motion to quash, to inform appellant of the persons whose names she falsely entered on the reports and the dates on which she falsely reported them as working, in order to identify the alleged criminal acts"); *Amaya*, 551 S.W.2d at 387 ("As appellant contends, and as the record reflects, the appellant was required to make many statements to the Department of Public Welfare; she was entitled, upon proper exception,

8

to know which false statement or statements the State would rely upon for conviction.").

Nevertheless, intertwined within this sub-issue is whether Tijerina's motion raised a lack-of-adequate-notice defect in the indictment to support the trial court's ruling in which the trial court specifically declined to make a finding on limitations. *See Zuniga*, 512 S.W.3d at 906 ("The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case."); *State v. Martinez*, 548 S.W.3d 751, 757 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) ("Because [appellee] did not argue lack of notice in his written motion to quash Count 1, the trial court could not have permissibly quashed Count 1 on th[at] basis."); s*ee also State v. Oakley*, 706 S.W.3d 492, 496 (Tex. App.—Austin 2024, no pet.) ("To the extent that the trial court based its rulings on grounds not raised in [appellee's] written motions, those rulings were in error." (citations omitted)). As discussed below, we conclude Tijerina's motion challenged limitations—not notice—and as such, the trial court erred in quashing the indictment.

At the outset, Tijerina did not assert in her written motion that the indictment failed to provide adequate notice (or adequately inform her), nor mentioned the word "notice" at all. *See Moff*, 154 S.W.3d at 602 ("[I]f a defendant files a timely motion stating that the indictment does not provide adequate notice, there are some circumstances in which the trial court may require more information."); *Zuniga*, 512 S.W.3d at 904–05 (arguing in her motion to quash that the "indictment did not adequately inform her of the act(s) the State intended to rely upon to constitute the crime of tampering with evidence"); *Borders*, 654 S.W.3d at 208 ("[A]fter Borders filed his motion to quash on notice grounds, the State was obligated to provide more specific information about the acts on which it intended to rely in its prosecution."). Additionally, Tijerina did not contend in her motion that the indictment

9

hindered her defense or deprived her of the opportunity to prepare a defense. *See Kellar*, 108 S.W.3d at 312 ("The appellant filed a motion to quash the indictment, alleging that because the indictment failed to state 'specifically each separate alleged offense or theft, by date, alleged complainant, amount, location and type of property taken,' *he was deprived of the opportunity to adequately prepare a defense*." (emphasis added)).

Stated another way, Tijerina moved to quash the indictment because the prosecution was "barred by a lapse of time," and through several subpoints argued that the charged offense was barred by the statute of limitations. Therefore, Tijerina's exception is properly classified as an exception to the substance of the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 27.08(2) ("There is no exception to the substance of an indictment . . . except: That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time[.]"); *Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010) (characterizing a limitations defect as a defect of substance); *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008) ("Article 27.08(2) of the Code provides, . . . that a defendant may object to the 'substance' of an indictment if 'it appears from the face thereof that a prosecution for the offense is barred by a lapse of time.' Thus, Article 27.08(2) permits a defendant to object to an indictment, and have it dismissed, if the indictment indicates on its face that a prosecution thereunder is barred by the applicable statute of limitations."); *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998) (explaining that "[b]efore trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure").

And while we acknowledge that how Tijerina labels her motion to quash does not

10

control its classification, *see Amaya*, 551 S.W.2d at 386–87, we also observe that within the body of her motion she expressly specified her statutory grounds as "Article 27.08," not Article 27.09. In other words, she chose a ground challenging time, not notice. *Compare* TEX. CODE CRIM. PROC. ANN. art. 27.08 (excepting to substance) *with id.* art. 27.09 (excepting to form); *see generally*, *Janecka v. State*, 739 S.W.2d 813, 819 (Tex. Crim. App. 1987) ("[N]otice defects in indictments are matters of form[.]"); *Glover v. State*, No. 13-23-00533-CR, 2025 WL 1257700, at *2 (Tex. App.—Corpus Christi–Edinburg May 1, 2025, no pet.) (explaining that appellant's complaint that "victim 1" was not a proper identifier because it was overly vague and did not allow him to adequately prepare his defense was a complaint as to form); *State v. Salinas*, 982 S.W.2d 9, 10 n.1 (Tex. App.— Houston [1st Dist.] 1997, pet. ref'd) (noting that a contention made in a motion to quash that the indictment is too vague to give adequate notice is an exception to form); *Vasquez*, 2022 WL 2951667, at *4 ("[A] claim that the indictment charges an offense but fails to provide adequate notice is an exception to form." (citation omitted)). Additionally, she prayed in her motion for discharge given the indictment's "defects of substance."

Additionally, while Tijerina's trial counsel argued that the indictment provided insufficient notice and prevented his ability to prepare a defense at the March 18 hearing, these arguments were not in her written motion to quash, and an oral motion to quash an indictment is inadequate. *See* TEX. CODE CRIM. PROC. ANN. art. 27.10 ("All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing."); *Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975); *Oakley*, 706 S.W.3d at 502 ("[A]rguments for quashing a charging instrument must be made in writing, and it is error for a trial court to grant a motion on a basis not advanced in a written motion

11

to quash." (citations omitted)); *see also State v. Murray*, No. 04-14-00328-CR, 2015 WL 574871, at *1 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (mem. op., not designated for publication) ("A trial court errs in granting a motion to quash based on a verbal argument made at a pretrial hearing that is not included in the written motion."); TEX. R. APP. P. 33.1(a)(1).

Based on the above, we do not engage in the two-step analysis to determine whether the indictment at issue provided adequate notice. *See Zuniga*, 512 S.W.3d at 907. Additionally, since there has been no trial from which to show harm, the situation before us is not subject to a harm analysis. *See Moff*, 154 S.W.3d at 604 ("Because the indictment was quashed and the State appealed the decision of the trial court rather than re-file the indictment, there has been no trial. Since there was no trial from which to show harm, the situation before us is not subject to a harm analysis."). Accordingly, the trial court erred in granting Tijerina's motion to quash, and we sustain the State's sole issue on appeal.[5]

## IV.  CONCLUSION

We reverse the trial court's order granting the motion to quash and remand for further proceedings consistent with this opinion.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
31st day of July, 2025.

---

[5] Having sustained the State of Texas's sole issue by way of its third sub-issue, we do not reach its fourth sub-issue raised in the alternative. *See* TEX. R. APP. P. 47.1.